IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-202 |
| DOMENICK BRACCIA | : | |

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.   As a result of the defendant's guilty plea as to Count One of the Information charging him with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371, the defendant is required to criminally forfeit his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7).

2.   All property that constitutes or is derived from proceeds traceable to the commission of such offense is forfeited to the United States.

3.   The sum of $135,000 represents the value of property that constitutes and is derived from proceeds that the defendant directly or indirectly obtained, which are traceable to the commission of the offense charged in the Information.

4.   The defendant shall forfeit to the United States the $135,000 in proceeds that he obtained as a result of his commission of the offense charged in the Information, pursuant to 18 U.S.C. § 982(a)(7), and Federal Rule of Criminal Procedure 32.2(b)(2). A money judgment in the amount of $135,000 is hereby entered against the defendant.

5.   Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise

spent the proceeds that he obtained, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

7. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant prior to sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

9. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

10. The Clerk of Court shall deliver a copy of this forfeiture Order to the Federal Bureau of Investigation ("FBI") and to counsel for the parties.

ORDERED this 19th day of September, 2019.

**HONORABLE WENDY BEETLESTONE**
United States District Judge